**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**DEBBIE HUMPHRIES,**

    Petitioner,

vs.                                                            4:05cv335-WS/WCS

**WARDEN M. L. RIVERA,**

    Respondent.

                                         /

## REPORT AND RECOMMENDATION

Pending in this case is petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Doc. 7, pp. 15-23[1] (doc. 2 in file as transferred from the Southern District of West Virginia). Petitioner also filed a memorandum. *Id.*, pp. 8-14 (doc. 3 in the file transferred). The United States filed an answer. Doc. 10. Defendant filed a reply. Doc. 11. Respondent concedes that this petition is properly filed and that Petitioner has exhausted her administrative remedies. Doc. 10, pp. 1-4.

---

[1] The electronic docket assigns docket numbers and page numbers to documents. The reference here is to the electronic pagination.

Petitioner brings a single claim.  She states that the Bureau of Prisons is effectively calculating her good conduct time at only 47 days per year, and she claims that Congress intended that she receive 54 days per year.

The claim depends upon 28 U.S.C. § 3624(b)(1), which provides in part:

> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year [ ] other than a term of imprisonment for the duration of the prisoner's life, *may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term*, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . .  Subject to paragraph (2), credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1) (footnote omitted, emphasis added).  The Bureau of Prisons has implemented this statute by interpreting the phrase "term of imprisonment" to award 54 days credit for "each year served."  28 C.F.R. § 523.20.  The Bureau thus rejected the alternative interpretation, that "term of imprisonment" means the sentence imposed.

By the method adopted by the Bureau, a prisoner does not get good conduct time credits for the last months of her sentence because she will not be serving that time due to the award of credits in earlier years.  For example, in this case, Petitioner asks that she be given 324 days of good conduct time credit, that is, 6 years (her prison sentence) times 54 days per year.  With good conduct time credit, however, Petitioner will not serve 6 years in prison.  Since the Bureau awards the credit only for each year after it has been served, she has first been given 270 days calculated as 5 years times 54 days.  From this was subtracted 27 days of credit lost for disciplinary reasons, leaving 243 days of credit.  Doc. 10, Ex. 4 (declaration of Bonnie Yomes), ¶ 7; doc. 10-

5, ¶ 7.[2]  Petitioner still will serve some months beyond 5 years, however, so the remaining credit is prorated at a rate of 54/365 per day served.  Since there were so few days to serve in the sixth year of Petitioner's sentence, the net result is the addition of only 15 more days of credit.  *Id.*, ¶ 7.  The result is a credit of 258 days, instead of 324 days less the 27 days lost.

      Petitioner's claim, which depends upon whether the Bureau's interpretation of the statue is sustainable, has been rejected by this circuit and by almost every other circuit.  Brown v. McFadden, 416 F.3d 1271, 1273 (11th Circuit 2005) (citing decisions from the First, Third, Fourth, Seventh, and Ninth Circuit Courts of Appeal reaching the same result); *see also*, Moreland v. Federal Bureau of Prisons, 431 F.3d 180 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1906 (2006); Sash v. Zenk, 428 F.3d 132 (2d Cir. 2005), *as amended on denial of rehearing*, 439 F.3d 61 (2006).  Petitioner's claim has been rejected several times in this district as well.  Guanipa v. Holder, No. 05-15137, 2006 WL 1457572 (11th Cir., May 26, 2006) (unpublished), *affirming*, Case No. 5:04cv150-SPM/AK (N.D. Fla., August 2, 2005) (docs. 364 and 366, report and recommendation and order adopting); Jiminez-Perez v. Bauknecht, No. 05-14652, 2006 WL 1371581 (11th Cir., May 19, 2006) (unpublished), *affirming*, Case No. 3:05cv93-MCR/EMT (N.D. Fla., August 2, 2005) (docs. 10 and 12, report and recommendation and order adopting).

---

[2] The first reference is the paper document and the second reference is to the numbering provided on the electronic docket.

Case No. 4:05cv335-WS/WCS

Accordingly, it is **RECOMMENDED** that the § 2241 petition filed by Debbie Humphries, seeking additional good conduct time credit, be **DENIED with prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on July 6, 2006.


s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**